UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASIA JONES<br><br>                      Plaintiff,<br><br>v.<br><br>AXION OF PENNSYLVANIA, LLC<br>a/k/a AXION HEALTHCARE<br><br>                      Defendant. | Case No: 2:19-cv-01950-MAK |

**PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Asia Jones ("Plaintiff") hereby moves to (1) compel the search for and production of electronically stored communications and documents by Defendant Axion of Pennsylvania, LLC a/k/a Axion Healthcare ("Axion"); and (2) compel the production of the original, electronically-stored scanned timesheet in native format with all associated metadata of Plaintiff's final timesheet.

**Search for Electronic Communications.** At the outset of this litigation, the parties met and conferred regarding the production of electronically stored information ("ESI") and agreed to the retention and production of ESI in pdf/hard-copy form. *See* ECF No. 7 at ¶5. At the deposition of Axion's Rule 30(b)(6) witness on Friday, September 20, 2019[1], Plaintiff learned for the first time that Axion conducted **no** search for ESI in the form of electronic mail, text messages, and chat transcripts.

Plaintiff has two separate requests for production of documents, pursuant to Rule 34 (Exs. 1-2); a request for admissions pursuant to Rule 36; and a request for production of

---

[1] The transcript of this deposition is not yet available, but the testimony that Axion conducted no search for electronic communications is not in serious dispute.

1

documents accompanying a Rule 30(b)(6) notice of deposition (Ex. 3). Axion responded to those requests, without conducting any search for electronic communications. Axion did not object to conducting such a search. Axion did not propose custodians or search terms to limit the search. Axion did not advise Plaintiff that it was not conducting such a search. Axion did nothing.

Now, at the close of fact discovery, Plaintiff has no idea what, if any, relevant communications have simply been ignored by Axion.

Plaintiff's counsel raised this issue with defense counsel in person after the conclusion of the depositions on September 20, 2019. Plaintiff wrote to defense counsel on September 23, 2019 to address this issue, *inter alia*. *See* Ex. 4. Axion advised that it conducted a search of the inboxes of only three employees to search for "references to complaints against Mr. Wright." *See* Ex. 5. Plaintiff's requests, however, would entail the search for much more than the very limited search that purportedly took place. Indeed, the September 23 correspondence specifically noted that the search should not be limited. In addition, Plaintiff would agree to provide a list of custodians and search terms if the search magnitude was too great. *See* Ex. 4.

Plaintiff's counsel followed up by email on September 25 to inquire as to Axion's position regarding the search for all ESI communications. Plaintiff's counsel also attached a list of proposed custodians and search terms. *See* Ex. 6. Axion's counsel advised that three individuals purportedly searched their email accounts and text messages and "have not found any communications relating to Ms. Jones." *See* Ex. 7. Again, this response on the last day of discovery is inadequate and not responsive to Plaintiff's requests. Moreover, Plaintiff has no way of testing or confirming the scope of even the inadequate searches because the depositions of those custodians were already completed, prior to these purported searches.

Further, the search must include text messages as Axion testified that text message was a means of communication between Axion and its employees. Plaintiff has produced screenshots of text messages with Axion, so we know these text messages exist.

The parties have continued to confer regarding the parameters and conduct of this search (Ex. 9) and some initial agreement has been reached, but given that discovery is closing, Plaintiff files this motion to compel to ensure the search for and production of these ESI communications, and to compel, if necessary, the deposition of a Rule 30(b)(6) designee to testify regarding the search for and production of these communications.

Accordingly, Plaintiff requests that the Court enter Plaintiff's proposed form of order filed herewith.

**Plaintiff's Original Electronically Stored Timesheet**. Defendant has raised a defense to Plaintiff's claim that she was wrongfully terminated in retaliation, which defense is based on the date of Plaintiff's final day of work. To support its defense, Defendant has produced a copy of a timesheet, which has the date written over. *See* Ex. 8. Plaintiff has requested the original of the timesheet. At the deposition of Axion's Rule 30(b)(6) witness on Friday, September 20, 2019, Plaintiff learned that Axion "shreds" the original after scanning. The scanned document, however, would be scanned in color and may show whether the original contained the scribbled over date. The color scan may also depict whether a different color ink was used to scribble over the date. Finally, Plaintiff requests the metadata showing the date the original timesheet was scanned.

As with Plaintiff's first request, the parties have conferred at length regarding this issue and may be able to reach agreement regarding this request. Nonetheless, with discovery ending, Plaintiff files this motion to compel to ensure a response to this outstanding request.

Dated: September 25, 2019                **Klaproth Law PLLC**

*/s/* Jesse Klaproth
Jesse C. Klaproth (312761)
1500 Walnut Street, Suite 800
Philadelphia, PA 19102
jklaproth@klaprothlaw.com
215.644.7463
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I served a true and correct copy of the foregoing document to all counsel of record by electronic court filing.

_/s/_ Jesse Klaproth
Jesse C. Klaproth
